OPINION *Page 2 
{¶ 1} Defendant-Appellant, Leigh Ann Koksal appeals the December 29, 2007 judgment entry of the Richland County Court of Common Pleas to grant in part and deny in part Appellant's Civ. R. 60(B) motion for relief from judgment.
 STATEMENT OF FACTS AND THE CASE {¶ 2} Plaintiff-Appellee, Jamie Lynn Postel, is a professional folk artist residing in Ohio who paints acrylics on wood. She sells her artwork as originals or as prints on merchandise. She licenses her artwork by registering pieces with the Library of Congress.
 {¶ 3} Appellant, who resides in Kansas, operated a mail-order online business named 46 Uncommon Market. On June 11, 2002, Appellee and Appellant entered into a nonexclusive licensing agreement for Appellant to market Appellee's artwork through Appellant's website under the name of Jamie Lynn's Folk Art. Under the terms of the licensing agreement, Appellant would pay Appellee a monthly royalty that was percentage of the net sales made by Appellant.
 {¶ 4} Through a business connection made by Appellant, the parties entered into an exclusive licensing agreement with Sagebrush Fine Art, Inc. operated by Michael Singleton. The agreement stated that Sagebrush Fine Art, Inc. would market Appellee's collection of work entitled "Under the Willow Tree." Appellee did not register this collection with the Library of Congress. Under the terms of the four-year agreement, Appellee was to receive a royalty percentage of the gross receipts from the sale and distribution of her images to be paid quarterly. *Page 3 
 {¶ 5} After the execution of this licensing agreement, Appellee began to sell and advertise the "Under the Willow Tree" collection under the name of "Jamie-Leigh." Appellant submitted designs to Sagebrush Fine Art, Inc. and the artwork is listed on websites under that name.
 {¶ 6} On August 3, 2003, Appellee mailed Appellant a notice of termination of her licensing agreement for Appellant's alleged failure to pay Appellee the royalties pursuant to the terms of both licensing agreements. Appellee requested that Appellant return Appellee's artwork in Appellant's possession.
 {¶ 7} On April 11, 2005, Appellee filed a complaint with the Richland County Court of Common Pleas naming Appellant, 46 Common Market, Michael Singleton and Sagebrush Fine Art, Inc. as defendants. Appellee alleged in her complaint copyright infringement, breach of contract, fraud and conversion against all defendants. Appellant was served with the complaint by certified mail on April 22, 2005.
 {¶ 8} In May 2005, Appellant returned most of Appellee's artwork to Appellant. Appellee discovered upon inspection of the artwork that Appellant had placed stickers to the face of the artwork. The removal of the stickers caused damage to the artwork. Appellee also discovered that Appellant did not return three pieces of artwork part of the "Under the Willow Tree" collection.
 {¶ 9} Appellee filed a Motion for Default Judgment against all defendants on September 6, 2005. The trial court granted the Motion for Default Judgment on September 14, 2005. On October 21, 2005, Michael Singleton and Sagebrush Fine Art, Inc. filed a Civ. R. 60(B) Motion to Vacate. Appellee dismissed Michael Singleton and Sagebrush Fine Art, Inc. as defendants on November 21, 2007. *Page 4 
 {¶ 10} On November 28, 2005, a damages hearing on Appellee's default judgment was held before the magistrate. Appellant was served with notice of the hearing but did not appear. The magistrate issued his decision on damages on April 4, 2006. In his decision, he recommended that Appellee was entitled to statutory damages on her claim of copyright infringement in the amount of $300,000. The magistrate also recommended that Appellee be awarded damages for her claim of conversion in the amount of $106,000 in compensatory damages and $100,000 in punitive damages. The decision included the applicable Civ. R. 53 language regarding objections and Appellant was served a copy of the Magistrate's Decision.
 {¶ 11} The parties did not file objections to the Magistrate's Decision. The trial court adopted the April 4, 2006 Magistrate's Decision on June 16, 2006.
 {¶ 12} On April 14, 2007, Appellant filed a Civ. R. 60(B) Motion to Vacate. In her motion, she requested the trial court vacate the judgment granting default judgment and the final judgment entry on the Magistrate's Decision. Upon the submitted evidence, the trial court ruled upon Appellant's Civ. R. 60(B) motion on December 28, 2007. The trial court granted Appellant's motion as to Appellant's claim that the Richland County Court of Common Pleas did not have subject matter jurisdiction over Appellee's copyright infringement claim. The trial court denied Appellant's motion as to the award of compensatory and punitive damages for the conversion claim, finding that based upon the facts and circumstances of this case, Appellant's Civ. R. 60(B) motion was not timely filed.
 {¶ 13} It is from this decision Appellant now appeals. Appellant raises one Assignment of Error: *Page 5 
 {¶ 14} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO SET ASIDE A DEFAULT JUDGMENT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B)."
 I. {¶ 15} Appellant argues in her sole Assignment of Error that the trial court abused its discretion when it did not vacate the default judgment nor the judgment entry adopting the Magistrate's Decision regarding damages. We disagree.
 {¶ 16} A motion for relief from judgment under Civ. R. 60(B) lies within the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 17} Civ. R. 60(B) states in pertinent part,
 {¶ 18} On motion and upon such terms as are just, the court may relieve a party* * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not *Page 6 
more than one year after the judgment, order, or proceeding was entered to taken. * * *."
 {¶ 19} A party seeking relief from judgment pursuant to Civ. R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion must be timely filed." GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 20} In Appellant's Civ. R. 60(B) motion, she requested relief from the two judgment entries issued by the trial court, the default judgment and the judgment adopting the Magistrate's Decision on damages. She argued that she had a meritorious defense to Appellee's complaint and specific to the default judgment, entitled to relief pursuant to Civ. R. 60(B)(1). As to the judgment entry approving the Magistrate's Decision on damages, Appellant argued she was entitled to relief pursuant to Civ. R. 60(B)(1), 60(B)(3) and 60(B)(5). In its judgment entry on Appellant's Civ. R. 60(B) motion, the trial court determined as a first matter that the trial court was without subject matter jurisdiction to grant default judgment in favor of Appellee on her claim for copyright infringement. It then addressed the remainder of Appellant's arguments that pertained to the default judgment entry and the judgment entry adopting the *Page 7 
Magistrate's Decision and found that Appellant failed to meet theGTE requirements.[1] We will therefore analyze separately the judgment entry granting default and the judgment entry adopting the Magistrate's Decision on damages in order to determine whether the trial court abused its discretion in denying Appellant's Civ. R. 60(B) motion.
 {¶ 21} In addition to arguing that she had a meritorious defense, Appellant argued in her Civ. R. 60(B) motion that she was entitled to relief from default judgment pursuant to Civ. R. 60(B)(1). She stated that due to a number of personal difficulties she suffered before and during the pendency of the underlying action, she was unable to respond to Appellee's complaint. Appellant testified by affidavit that because of her difficult personal situation, she made poor decisions and she returned documents sent by the trial court unopened or marked them "Return to Sender."
 {¶ 22} In its judgment entry denying Appellant's 60(B) motion, the trial court did not directly address Appellant's argument under Civ. R. 60(B)(1) for excusable neglect, but instead determined that Appellant's motion was not filed within a reasonable time. Appellee's complaint was filed on April 11, 2005. Appellee moved for default judgment on September 6, 2005 and the trial court granted the motion on September 14, 2005. Appellant filed her Civ. R. 60(B) motion requesting relief from the default judgment on April 18, 2007.
 {¶ 23} We agree with the trial court that Appellant's Civ. R. 60(B) motion as to the default judgment entry was not filed within a reasonable time. The 60(B) motion was filed more than one year from the date of judgment. Further, a failure to establish any one of the threeGTE requirements will cause the motion to be overruled. Rose *Page 8 Chevrolet, Inc., supra. The trial court's determination that Appellant's motion for relief from judgment as to the default judgment entry was untimely filed was not an abuse of discretion.
 {¶ 24} We will next analyze Appellant's arguments as they pertain to her request for relief from the judgment entry adopting the Magistrate's Decision on damages. As to this judgment entry, Appellant argued in her motion before the trial court that she should be entitled to relief from judgment pursuant to Civ. R. 60(B)(1), (B)(3), and (B)(5). Upon review of Appellant's arguments, we find they are based upon matters raised at the damages hearing held on November 28, 2005. Appellant did not attend the damages hearing, Appellant did not file objections to the Magistrate's Decision issued on April 4, 2006 pursuant to Civ. R. 53(D)(3), nor did Appellant appeal the trial court's adoption of the Magistrate's Decision on June 16, 2006.[2]
 {¶ 25} When a party fails to file objections to a magistrate's decision, Civ. R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." See, e.g., Stamatakis v.Robinson (January 27, 1997), Stark App. No. 96CA303; Kademenos v.Mercedes-Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50. It appears under the facts of this case, Appellant is utilizing her Civ. R. 60(B) motion as a substitute for a timely appeal. It is well settled that Civ. R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." Blasco v. Mislik (1982), 69 Ohio St.2d 684,686. *Page 9 
"Likewise, issues that could and should have been raised by way of Civ. R. 53(D)(3) objections to a magistrate's decision, and are thus waived for purposes of appeal, cannot be raised subsequently as the sole basis for a motion for relief from judgment." Brunner Firm Co., L.P.A.v. Bussard, Franklin App. No. 07AP-867, 2008-Ohio-4684 at ¶ 28 citingMattingly v. Deveaux, Franklin App. No. 03AP-793, 2004-Ohio-2506;Thurston v. Thurston, Franklin App. No. 02AP-555, 2002-Ohio-6746, at ¶ 19.
 {¶ 26} Appellant argues that she is entitled to relief pursuant to Civ. R. 60(B)(3) because at the damages hearing, Appellee's misrepresented the facts regarding Appellant's payments to Appellee under the licensing agreements. Appellant further argues that she is entitled to relief under 60(B)(5), the "catch-all provision" of 60(B), because the magistrate awarded Appellee punitive damages in contravention of Civ. R. 54(C). She states that punitive damages were not specifically requested in Appellee's complaint. We find the issues raised in Appellant's Civ. R. 60(B) motion could have been addressed by a timely appeal or more effectively, by filing timely objections to the Magistrate's Decision pursuant to Civ.R 53. As stated by the 10th District Court of Appeals in Mattingly, supra andThurston, supra, "a party may not raise issues that could have been raised upon appeal, and errors that could have been corrected by timely appeal cannot be the predicate for a Civ. R. 60(B) motion for relief from judgment."
 {¶ 27} Appellant's arguments implicate her final basis for relief pursuant to Civ. R. 60(B)(1). The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that, "* * * the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. Marc Glassman,Inc. *Page 10 
(1996), 76 Ohio St.3d 18, 20, citing GTE, supra, at 153. As stated above, Appellant admitted that she returned mail from the trial court unopened and she marked letters from the trial court "Return to Sender."
 {¶ 28} We find that Appellant's failure to file timely objections to the Magistrate's Decision on damages issued April 4, 2006 and her failure to file an appeal of the trial court's adoption of the same on June 16, 2006 preclude her from asserting her arguments on these matters in a Civ. R. 60(B) motion. Based upon the procedural circumstances of this case, we cannot find the trial court abused its discretion in denying Appellant's motion for Civ. R. 60(B) as it pertains to the judgment entry adopting the Magistrate's Decision on damages.
 {¶ 29} Accordingly, Appellant's sole Assignment of Error is overruled.
 {¶ 30} The judgment of the Richland County Court of Common Pleas is affirmed.
 Delaney, J., Farmer, P.J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.
[1] In her Civ. R. 60(B) motion before the trial court, Appellant also argued the trial court lacked personal jurisdiction over Appellant. The trial court in its judgment entry found there was personal jurisdiction over Appellant. Appellant does not raise this issue on appeal.
[2] The trial court noted that Appellant also failed to object to a Magistrate's Decision on attorney's fees issued on May 10, 2006. That issue is not before this Court. *Page 1