[Cite as *Allen v. Allen*, 2013-Ohio-2729.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LISA LEIGH ALLEN                       :       JUDGES:
                                       :
                                       :       Hon. W. Scott Gwin, P.J.
    Plaintiff-Appellee                 :       Hon. William B. Hoffman, J.
                                       :       Hon. Patricia A. Delaney, J.
-vs-                                   :
                                       :       Case No. CT2013-0015
                                       :
JOHN DALE ALLEN                        :
                                       :
                                       :
    Defendant-Appellant                :       O P I N I O N


CHARACTER OF PROCEEDING:               Appeal from the Muskingum County
                                       Court of Common Pleas, Domestic
                                       Relations Division, Case No. DB2011-
                                       0815



JUDGMENT:                              AFFIRMED



DATE OF JUDGMENT ENTRY:                June 21, 2013



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

SCOTT T. HILLIS                        JOHN DALE ALLEN, pro se
Hillis & Small, LLC                    Prisoner No. 614204
825 Adair Ave.                         c/o HCF-POB 59
Zanesville, OH 43701                   Nelsonville, OH 45764

*Delaney, J.*

{¶1} Defendant-Appellant John Dale Allen appeals from the March 7, 2013 Judgment Entry of the Muskingum County Common Pleas Court, Domestic Relations Division. Plaintiff-Appellee Lisa Leigh Allen did not file a brief.

## FACTS AND PROCEDURAL HISTORY

{¶2} The parties were married on July 7, 2007 in Muskingum County and no children were born of the marriage. Appellee filed an Amended Complaint for Divorce on November 18, 2011 and appellant filed an Answer and Counterclaim on December 7, 2011. An Amended Divorce Decree was filed on October 10, 2012, from which appellant appealed on October 30, 2012. The appeal was dismissed on November 26, 2012 because appellant failed to pay the required deposit.

{¶3} On January 8, 2013, appellant filed a "Motion for Relief from Judgment or Order" in the trial court pursuant to Civ.R. 60(B). In the motion, appellant argued the Amended Divorce Decree "was based upon fraud" and stated:

> Unfortunately, [appellant] was incarcerated during the entire divorce proceeding and had no access to a law library for purposes of legal research.
>
> [Appellant] was not permitted to state and argue his Counterclaims nor the division of marital property, pensions or retirement benefits. Even though [appellant] was incarcerated, the court should have allowed some alternative way for [appellant] to defend himself in the divorce (video, telephone, etc.).

[Appellant] was denied due process, equal protection under the law and the court abused its discretion in the issuance of the Amended Divorce Decree.

For the foregoing reasons, the Amended Divorce Decree must be vacated or set aside under Civ.R. 60 and this case must be remanded for hearing under [appellant's] Counterclaims, the proper division of marital property and spousal support.

{¶4} On March 7, 2013, the trial court overruled appellant's motion, stating in pertinent part:

* * * *.

In the present case, [appellant's] motion simply makes a general allegation of fraud and does not state with any particularity any facts or circumstances supporting this general allegation of fraud nor set forth any basis upon which the Court might find [appellant's] claim to have merit.

[Appellant] was given notice of the hearing as required by Civil Rule 75. Ohio Courts have held that a party has no absolute no process right to attend the trial of a civil action. If such a request is made, however, the Court has a duty to give careful consideration to such a request.

In the present case, Defendant made no request to be present or transported for the final hearing. Having waived

his request to be present at the final hearing [appellant] cannot now raise this issue to bolster a Civil Rule 60(B) motion to set aside the Judgment Entry of Divorce granted October 10, 2012.

\* \* \* \*.

{¶5}   Appellant now appeals from the trial court's judgment entry.

**ASSIGNMENTS OF ERROR**

{¶6}   "I.  JOHN DALE ALLEN WAS DENIED DUE PROCESS."

{¶7}   "II.  JOHN DALE ALLEN WAS DENIED EQUAL PROTECTION UNDER THE LAW."

{¶8}   "III.  THE TRIAL COURT ABUSED ITS DISCRETION."

**ANALYSIS**

I., II., III.

{¶1}   Appellant's three assignments of error are related and will be considered together.

{¶2}   Appellant argues his rights were violated because the trial court did not "allow [him] to be heard" during his divorce proceedings.  .

{¶3}   First, appellant argues his rights of due process and equal protection were violated because he was not present at the divorce hearing.  As the trial court pointed out, we find no evidence in the record that appellant filed a motion to convey or otherwise requested to be present at the final hearing.[1]  Moreover, we have frequently

---

[1] Appellant's statement of the case indicates "On November 22, 2011, [appellant] notified his custodians and the court to have him transported to the January 9, 2012 hearing," but there is no evidence thereof in the record.

noted divorce is a civil proceeding and an incarcerated prisoner has no absolute due process right to attend a civil trial to which he is a party. *Sweet v. Sweet*, 5th Dist. No. 00-CA-99, 2001 WL 1775387 *2, (Mar. 24, 2001), citing *Mancino v. Lakewood*, 36 Ohio App.3d 219, 221, 523 N.E.2d 332 (8th Dist.1987); see also *Alexander v. Alexander*, 5th Dist. No. CT06-0061, 2007-Ohio-3933; *Wagner v. Strip*, 5th Dist. No. 11-CA-82, 2012-Ohio-4954, appeal not allowed, 134 Ohio St.3d 1470, 2013-Ohio-553, 983 N.E.2d 369. We find the trial court did not violate appellant's rights of due process and equal protection.

{¶4} Finally, appellant argues the merits of his counterclaim in the divorce case, to wit: that appellee earned more money than he did and the trial court should have taken this into account in awarding spousal support. Appellant did not successfully appeal from the final divorce decree because he failed to pay the mandatory costs and his appeal was dismissed. Any argument regarding the spousal support could have been raised in a direct appeal of the original divorce decree, but having failed to successfully file a direct appeal, appellant is now barred by the doctrine of res judicata. *Schrader v. Schrader*, 5th Dist. No. 2012CA00010, 2012-Ohio-4032, ¶ 25, citing *State ex rel. Carroll v. Corrigan*, 91 Ohio St.3d 331, 332, 2001–Ohio–54, 774 N.E.2d 771.

## CONCLUSION

{¶5}   Appellant's three assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.

By:  Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

PAD:kgb