[Cite as *Rachel v. Rachel*, 2013-Ohio-3692.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                        |
|------------------------|---|--------------------------------|
| MICHELE RACHEL         | : | Hon. W. Scott Gwin, P.J.       |
|                        | : | Hon. Patricia A. Delaney, J.   |
| Plaintiff-Appellee     | : | Hon. Craig R. Baldwin, J.      |
|                        | : |                                |
| -vs-                   | : |                                |
|                        | : | Case No. 2012CA00243           |
| DANIEL RACHEL          | : |                                |
|                        | : |                                |
| Defendant-Appellant    | : | OPINION                        |

CHARACTER OF PROCEEDING: Civil appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2012DR00964

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: August 26, 2013

APPEARANCES:

For Plaintiff-Appellee

DEAN L. GRASE
116 Cleveland Avenue N.W.
Courtyard Centre #703
Canton, OH 44702

For Defendant-Appellant

DANIEL RACHEL
#503-216
Marion Correctional Institution
Box 57
Marion, OH 43301

*Gwin, P.J.*

{¶1} Appellant-Husband appeals the December 10, 2012 judgment entry of the Stark County Common Pleas Court, Domestic Relations Division, granting a final decree of divorce.

*Facts & Procedural History*

{¶2} Michele Rachel ("Wife") and Daniel Rachel ("Husband") were married in 1981. Husband and wife have two adult children who were emancipated prior to the filing of the divorce petition. In 2007, Husband was sentenced to sixteen (16) years in prison for kidnapping, felonious assault, aggravated robbery, and aggravated burglary. Husband is currently incarcerated at the Marion Correctional Institution and has a projected release date of October 28, 2022.

{¶3} Wife filed a complaint for divorce on August 16, 2012. Attached to the complaint was a notice of hearing setting an uncontested trial for December 4, 2012 or a contested case pre-trial for February 7, 2013. Husband was served with the complaint via certified mail to Marion Correctional Institution on August 20, 2012. On September 12, 2012, Husband filed a motion to appear at any hearings by video or phone from Marion Correctional Institution and a motion for temporary spousal support.

{¶4} On September 28, 2012, Husband filed an affidavit of indigency, an answer, and counterclaims. In the answer and counterclaims, Husband stated Wife failed to include all household income, all property and assets in her filings. Husband again requested spousal support. Wife filed a motion to strike Husband's answer and counterclaims pursuant to Ohio Civil Rules 8(B), 12(A)(1), and 12(F) on October 9, 2012. Wife argued the answer was not filed within twenty-eight (28) days of the

complaint and the answers provided by Husband were not responsive to the complaint because they did not admit or deny the allegations of the complaint. Wife instructed the Stark County Clerk of Courts to serve Husband with the motion by certified mail at Marion Correctional Institution. The trial court granted Wife's motion to strike on October 9, 2012. Husband was served with a copy of the motion and order on October 19, 2012.

{¶5} Husband filed a motion for appraisal of property and motion to vacate order to strike defendant's answer and counterclaims on November 19, 2012. Husband sought to vacate the order striking his answer and counterclaims because Wife failed to comply with Civil Rule 5. The trial court did not rule on Husband's motion to vacate. On November 21, 2012, Wife filed an amended affidavit of property. Husband filed a petition for conciliation pursuant to R.C. 3117 on November 29, 2012.

{¶6} A hearing was held before the magistrate on December 4, 2012. On December 10, 2012, the trial court granted the divorce. In the final divorce decree, the magistrate determined the marriage ended as of February 25, 2007, the date of Husband's imprisonment. The magistrate awarded Wife her 401(k) and awarded Husband the real estate titled in his name. Further, the magistrate awarded each party the personal property, vehicles, bank accounts, pensions and debts incurred in their names and ordered each party to pay their own living expenses. No spousal support was awarded to either party. The final divorce decree was signed by the magistrate and adopted and approved by the trial court judge. The final decree provided language stating that "a party may, pursuant to Ohio Civil Rule 53, file a written motion to set against a magistrate's order within ten (10) days of the filling an Order. A party may file

a written objection to the Magistrate's Decision within fourteen (14) days of the filing of a decision." Husband did not file a motion to set aside the magistrate's order or file any objections to the magistrate's decision. Husband filed an appeal on December 27, 2012, and raises the following assignments of error on appeal:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO STAY THE PROCEEDINGS UNTIL IT RULED ON DEFENDANT'S MOTION FOR CONCILIATION IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION; OHIO CONSTITUTION, ARTICLE I, §2 & §16 AND R.C. 3117.07.

{¶8} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW THE DEFENDANT TO APPEAR IN THE HEARING AFTER DEFENDANT PROPERLY FILED A TIMELY MOTION TO APPEAR BY VIDEO OR TELEPHONE IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION; OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16.

{¶9} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE AN ORDER TO STRIKE DEFENDANT'S ANSWER AND COUNTERCLAIMS AFTER DEFENDANT SHOWED EVIDENCE ON THE RECORD THAT THE DEFENDANT HAD NOT RECEIVED SERVICE OF PLAINTIFF'S MOTION TO STRIKE IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION; OHIO CONSTITUTION ARTICLE I, §2 & § 16 AND CIVIL R. 5.

{¶10} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER AN EQUITABLE DISTRIBUTION OF THE COUPLE'S ASSETS AND PROPERTY, AWARD DEFENDANT HIS FAMILY HEIRLOOMS, GRANT AN APPRAISAL OF THE PROPERTY, OR RECOGNIZE THE DIVISION OF PROPERTY AS OF THE DATE OF

THE FILING OF THE COMPLAINT FOR DIVORCE IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION; OHIO CONSTITUTION, ARTICLE I, §1, §2 & §16 AND R.C. 3105.171."

I.

{¶11} Husband alleges the trial court erred when it failed to stay the divorce proceedings after he filed his petition for conciliation. Husband cites to R.C. 3117.07 which states, "during the period beginning with the filing of the petition for conciliation and continuing until expiration of any court order made pursuant to division (E) of section 3117.06 of the Revised Code, neither spouse may file or proceed with any action for divorce * * *."

{¶12} R.C. Chapter 3117, Conciliation of Marital Controversies, is

"applicable only in counties in which the court of common pleas determines that social conditions and the number of domestic relations cases in the county render the conciliation procedures provided necessary to proper consideration of marital controversies. Such determinations shall be made by the judge of the common pleas in counties having only one such judgment, or by a majority of the judges of the court of common pleas in counties having more than one such judge."

{¶13} In this case, Husband filed a petition for conciliation on November 29, 2012 and the trial date for Wife's complaint for divorce was scheduled for December 4, 2012. We find the trial court did not err in failing to stay the divorce proceedings until it ruled on Husband's petition for conciliation, as the trial court did not have authority to hear Husband's petition. Pursuant to R.C. 3117.01 et seq., conciliation is only available

if the county's court of common pleas has adopted the provisions of the statute. As our research indicates the Stark County Court of Common Pleas has not adopted the provisions of the conciliation statute, Husband could not seek redress pursuant thereto. Accordingly, Husband's first assignment of error is overruled.

II.

{¶14} Husband next argues the trial court erred when it failed to allow him to appear at the December 4, 2012 trial after he filed a general motion to appear by video or telephone for all proceedings. We find Husband's argument to be without merit. We have frequently noted divorce is a civil proceeding and an incarcerated prisoner has no absolute due process right to attend a civil trial to which he is a party. *Sweet v. Sweet*, 00-CA-99, 2001 WL 1775387 *2, (March 24, 2011), citing *Mancino v. Lakewood*, 36 Ohio App.3d 219, 221, 523 N.E.2d 332 (8th Dist. 1987); see also *Alexander v. Alexander*, 5th Dist. No. CT-6-0061, 2007-Ohio-3933; *Wagner v. Strip*, 5th Dist. No. 11-CA-82, 2012-Ohio-4954, appeal not allowed, 134 Ohio St.3d 1470, 2013-Ohio-553, 983 N.E.2d 369; *Allen v. Allen*, 5th Dist. No. CT2013-0015, 2013-Ohio-2729. Accordingly, Husband's second assignment of error is overruled.

III.

{¶15} Husband argues the trial court erred when it failed to vacate an order striking his answer and counterclaims because he did not receive service of the motion to strike pursuant to Civil Rule 5.

{¶16} Civil Rule 5(A) states "every pleading subsequent to the original complaint * * *shall be served upon each of the parties." Service pursuant to Civil Rule 5 may be made by "mailing it to the person's last known address by United States mail, in which

event service is complete upon mailing." Civ.R.5(B)(2)(c). A served document "shall be accompanied by a completed proof of service which shall state the date and manner of service * * * Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(3).

{¶17} In this case, the motion to strike was filed with instructions to the clerk to serve Husband with the motion via certified mail, return receipt requested, at Mansfield Correctional Institution. On October 9, 2012, the Stark County Clerk of Courts sent a copy of the motion to strike and the order on the motion to strike to Husband via certified mail, return receipt requested. Service by certified mail was completed on October 19, 2012. Service by certified mail is valid under Civil Rule 5(B)(2)(c) and, pursuant to the rule, is complete upon mailing.

{¶18} Husband contends that pursuant to the language in Civ.R. 5(B)(3) ("documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed"), the court should not have considered the motion to strike because there was no proof of service endorsed on the request. However, we find that adequate proof of service was shown by Wife through the instructions filed with the Stark County Clerk of Courts to serve the motion and by the return receipt filed indicating Husband was served with the both the motion and order. See *Colopy v. Nationwide Ins. Co.*, 9th Dist. No. C.A. 17019, 1995 WL 5000061 (Aug. 23, 1995). Accordingly, Husband's third assignment of error is overruled.

IV.

{¶19} Husband finally argues the trial court erred when it failed to order an equitable distribution of the parties' assets and property. A trial court's division of

marital property is reviewed for abuse of discretion. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 421 N.E.2d 1293 (1981). An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶20}** We first note that Husband did not file a motion to set aside the magistrate's order or file objections to the magistrate's order in the time frame provided by Civil Rule 53. When a party fails to file objections to a magistrate's decision, Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R.53(D)(3)(b)." *Postel v. Koksal*, 5th Dist. No. 08-COA-0002, 2009-Ohio-252, ¶ 25. Due to Husband's failure to object to the magistrate's decision, this Court reviews the decision for plain error. *In re Lemon*, 5th Dist. No. 2002 CA 00098, 2002-Ohio-6263. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 1997-Ohio-401, 679 N.E.2d 1099.

**{¶21}** Further, upon filing his Notice of Appeal, Husband filed a praecipe, requesting the court reporter prepare a transcript of the proceedings held on December 4, 2012. Husband also filed a motion for trial transcripts to be provided at the state's expense with an affidavit of indigency. The trial court did not rule on the motion. The trial court's failure to rule on a motion creates a presumption that the trial court overruled the motion. *Brown v. Brown*, 11th Dist. No. 2001-L-051, 2002-Ohio-4364 at ¶ 33. We find the trial court did not err in overruling Husband's motion to prepare the

transcript at the state's expense. Civil due process requires only notice and an opportunity to be heard, not provision of transcripts in civil proceedings. *Jones v. Jones*, 2d Dist. No. 95-CA-22, 1996 WL 715441 (Dec. 13, 1996). Instead, provision of transcripts to indigent parties is limited to criminal cases, termination of parental rights, and defense of paternity cases. *Id.*

**{¶22}** The Ohio Supreme Court has held that a transcript is "unavailable" for the purposes of App.R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript. *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 491 N.E.2d 311 (1986). Thus, if Husband had demonstrated he was indigent and unable to afford the costs of a transcript, the procedure set forth in App.R. 9(C) may have been a means for him to satisfy his burden pursuant to App.R. 9(B).

**{¶23}** The record reflects Husband failed to file a transcript of the December 4, 2012 trial pursuant to App.R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Because Husband has failed to provide this court with those portions of the transcript necessary for resolution of the assigned errors, i.e. the transcript of the December 4, 2012 trial before the magistrate, we must presume the regularity of the proceedings below affirm, pursuant to the directive set forth in *Knapp*. We find no plain error existed in the trial court's decision regarding equitable distribution

of the parties' assets and property.  Accordingly, Husband's fourth assignment of error is overruled.

**{¶24}**  Based on the foregoing, the judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN

WSG:clw 0710

[Cite as *Rachel v. Rachel*, 2013-Ohio-3692.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MICHELE RACHEL                :

                   :

           Plaintiff-Appellee     :

                   :

                   :

-vs-                     :         JUDGMENT ENTRY

                   :

DANIEL RACHEL            :

                   :

                   :

       Defendant-Appellant   :         CASE NO. 2012CA00243

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. CRAIG R. BALDWIN