[Cite as *Mayer v. Scyphers*, 2014-Ohio-2200.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRANK R. MAYER II | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CA0009 |
| | : | |
| DEANNE M. SCYPHERS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Morrow County Court of
                            Common Pleas, Juvenile Division Case
                            No. 2012 JUCST 00085



JUDGMENT:                   AFFIRMED



DATE OF JUDGMENT ENTRY:     May 19, 2014



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

TOM C. ELKIN                            JOHN C. FILKINS
P.O. Box 189                            101 W. Sandusky St., Suite 204
Mt. Gilead, OH 43338                    Findlay, OH 45840

*Delaney, J.*

{¶1} Appellant Deanne M. Scyphers ("Mother") appeals from the October 21, 2013 judgment entry of the Morrow County Court of Common Pleas, Domestic Relations Division. Appellee is Frank R. Mayer II ("Father").

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 18, 2012, Father filed a complaint to establish parental rights and responsibilities of A.C.S., born December 23, 2011. Paternity was established through the Morrow County Child Support Enforcement Agency. Father sought designation as residential and custodial parent of A.C.S.

{¶3} The matter proceeded to final hearing before the magistrate on May 21, 2013. On July 15, 2013, the magistrate issued Findings of Fact and Conclusions of Law which Mother objected to on July 29, 2013, challenging, e.g., the magistrate's allocation of visitation to Father and the recommendation that guardian ad litem fees should be split equally.

{¶4} On October 18 and October 21, 2013, the trial court overruled Mother's objections because no transcript was ordered of the proceedings.

{¶5} Mother now appeals from the trial court's Journal Entry of October 21, 2013.

{¶6} Mother raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶7} "I. THE TRIAL COURT ERRED AS A RESULT OF ITS GRANTING TO THE APPELLEE PARENTING TIME IN EXCESS OF ALTERNATE WEEKENDS AND

IN EXCESS OF THE TRIAL COURT'S LOCAL RULE FOR SAME IS NOT IN THE BEST INTEREST OF THE MINOR CHILD."

{¶8} "II. THE TRIAL COURT ERRED IN ORDERING THE EQUAL DIVISION OF GUARDIAN AD LITEM FEES BASED UPON THE FACT THAT APPELLEE REQUESTED THE APPOINTMENT OF THE GUARDIAN AND THE APPELLEE EARNS $52,000.00 A YEAR AND THE APPELLANT HAS IMPUTED INCOME OF $16,000.00 A YEAR."

**ANALYSIS**

I., II.

{¶9} Mother challenges the trial court's decision to grant Father Visitation in excess of alternate weekends and in excess of Local Rule 2, asserting its decision is not in the best interest of the child, and argues the trial court should not have assessed half the guardian ad litem fee against Mother. Mother has not provided a transcript of the proceedings below, however, and we have no alternative but to affirm.

{¶10} In reviewing assigned error on appeal we are confined to the record before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." The trial court in the instant case noted no transcript was provided with objections to the magistrate's decision.

{¶11} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing

court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶12} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). In this case, Mother makes reference only to the magistrate's decision, not to the record.

{¶13} Appellant has not provided a transcript of the final hearing which began on May 21, 2013. Without a transcript, we must presume the regularity of the trial court's proceeding. *Rachel v. Rachel*, 5th Dist. Stark No. 2012CA00243, 2013-Ohio-3692, ¶ 23, appeal not allowed, 137 Ohio St.3d 1473, 2014-Ohio-176, 2 N.E.3d 268, citing *Knapp*, supra.

{¶14} Mother's two assignments of error are overruled.

**CONCLUSION**

{¶15} The two assignments of error are overruled and the judgment of the Morrow County Court of Common Pleas, Juvenile Division is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.

*Hoffman, P.J., concurring*

{¶16} I fully concur in the majority's analysis and disposition of Appellant's first assignment of error.

{¶17} I further concur in the majority's disposition of Appellant's second assignment of error. However, I do not believe a transcript of the May 21, 2013 hearing is necessary for our resolution of this assigned error. Nevertheless, I concur in overruling it as I find no abuse of discretion by the trial court's ordering the guardian ad litem fee split equally between the parties.