[Cite as *Kautz v. Kautz*, 2011-Ohio-6547.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FLORENCE KAUTZ | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| v. | Case No. 2011CA00034 |
| WILLIAM KAUTZ | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No. 2010DR0210

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 12, 2011

APPEARANCES:

For Plaintiff-Appellant    For Defendant-Appellee

DAVID S. AKE    STANLEY R. RUBIN
101 Central Plaza, South, Ste. 600    437 Market Avenue North
Canton, Ohio 44702    Canton, Ohio 44702

*Hoffman, P.J.*

{¶ 1} Plaintiff-appellant Florence Kautz appeals the January 27, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which overruled her objections to the magistrate's December 13, 2010 Final Entry – Decree of Divorce, and approved and adopted said entry as order of the court. Defendant-appellee is William Kautz.

STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant and Appellee were married on March 1, 1974. Two children were born as issue of said union, both of whom are now emancipated. Appellant filed a Complaint for Divorce on February 23, 2010, asserting as grounds, gross neglect of duty, extreme cruelty, and incompatibility. Appellee filed a timely Answer and Counterclaim. Appellant filed her Answer to Appellee's Counterclaim on May 7, 2010. The parties stipulated they were incompatible, but contested spousal support and the division of property. The matter came on for final hearing before the magistrate on November 17, and 19, 2010.

{¶ 3} At the time of the hearing, Appellant was 55 years old, and had a high school diploma. Appellant worked for GE Capital for 16 years, until 2005, when she voluntarily quit because she was "afraid [she] was going to be fired" and her pride would not allow such to occur. Appellant earned $12/hour at GE Capital, and in 2002, earned in excess of $31,000. Appellant's salary in 2005, was $25,392. Appellant has a pension from GE Capital, but "was not aware" of its value and offered no evidence of value at the hearing. Appellant had a problem with alcohol and was committed to rehab twice during the course of the marriage. Currently, Appellant cleans houses, working for six or

seven clients. Appellant stated she originally charged $15/hour, but now charges by the job.

{¶ 4} Appellee paid all of the household expenses, including the mortgage, utilities, and car loans. Appellant was free to use her income for whatever she desired. During the marriage, Appellant ran up credit card debt on four occasions. Appellee paid off the debt on three occasions. At the time of the hearing, Appellee owed over $34,000, in revolving debt, which was incurred as the result of her purchasing non-necessities, including furniture, a grandfather clock, a desk, curtains, rugs, and other decorative items for the home. Appellant also incurred charges against the line of equity on the marital residence, and sold gold and jewelry, in violation of the restraining order. Appellant drives a 2004 Jeep Liberty, which is valued at $6,298. The vehicle is paid off.

{¶ 5} Appellee was 57 years old at the time of the hearing. He earned a GED and served in the United States military. Appellee is employed by Schory Builders as a truck driver. He has worked for the company for 32 years, and earns $15.60/hour with occasional overtime. In 2009, Appellee earned over $51,000, which included overtime. During 2010, Appellee was unable to work as much overtime due to the economy, and he expected to make approximately $32,000, as his base salary plus some overtime, for a total income of $38,948. Appellee drives a 2004 Corvette, which is valued at $16,340. Appellee still owes $10,148, on the vehicle. Appellee has a pension through his employer, but neither he nor Appellant presented evidence as to its value.

{¶ 6} The magistrate issued a Final Entry – Decree of Divorce on December 13, 2010. The magistrate ordered Appellee to pay Appellant spousal support in the amount of $350/month for seven years. The magistrate found Appellant had committed "various

acts of financial misconduct" by dissipating assets, concealing debts, and by selling jewelry in violation of the restraining order. As a result, the magistrate concluded to achieve an equitable division of property each party would be responsible for his/her own credit card debts, and each party would be allowed to keep his/her own retirement account, noting, "No evidence was presented as to the value of the . . . accounts."

{¶ 7} Appellant filed timely objections to the magistrate's decision. Specifically, Appellant objected to the magistrate's finding she had committed financial misconduct; to the magistrate's failure to value and equally divide the parties' retirement benefits; the amount and duration of spousal support; and the magistrate's ordering her to pay the majority of the parties' marital debt.

{¶ 8} Via Judgment Entry filed January 27, 2011, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court.

{¶ 9} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING EACH PARTY THEIR OWN PENSION BENEFITS WITHOUT PLACING A VALUE ON THE BENEFITS IT AWARDED.

{¶ 11} "II. THE TRIAL COURT ERRED IN FAILING TO AWARD SUFFICIENT SPOUSAL SUPPORT TO THE APPELLANT.

{¶ 12} "III. THE TRIAL COURT ERRED IN FINDING THE APPELLANT HAD COMMITTED FINANACIAL MISCONDUCT."

I

{¶ 13} In her first assignment of error, Appellant contends the trial court erred in awarding each party his/her own pension benefits without placing a value on those benefits.

{¶ 14} A trial court has broad discretion in making divisions of property in domestic cases. *Middendorf v. Middendorf* (1998), 82 Ohio St.3d 397, 401, 696 N.E.2d 575 citing *Berish v. Berish* (1982), 69 Ohio St.2d 318, 432 N.E.2d 183. In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this function, the trial court has broad discretion to develop some measure of value. *Berish,* supra. "The valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* 10th Dist. No. 08AP–27, 2008–Ohio–6121, ¶ 18 citing *Berish,* supra.

{¶ 15} The parties herein did not present any evidence as to the valuation of either of their pension benefits to allow the trial court to make an equitable division of the property between the parties.  In *Roberts v. Roberts,* Franklin App. No. 08AP–27, 2008–Ohio–6121, the Tenth District Court of Appeal held:

{¶ 16} "if a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets because the trial court can only make decisions based on the evidence presented[.]" Id. at ¶ 22, citing *Hruby v. Hruby* (June 11, 1997), Columbiana App. No. 93–C–9.  "[W]hen a party fails to present evidence as to the value of an item, it is akin to invited error and the party has waived the right to appeal in regard to that asset." *Roberts,* supra at ¶ 21.

{¶ 17} We find this reasoning persuasive. The trial transcript shows the parties presented no evidence at all regarding the pension benefits. We find no reversible error on the trial court's division of the pension benefits based on the lack of evidence before it. Appellant failed to present sufficient evidence of valuation; therefore, has waived her right to appeal the division of the benefits. Appellant's argument is further diminished because of her own financial misconduct which the trial court had the right to consider when dividing the marital assets.

{¶ 18} Appellant's first assignment of error is overruled.

II

{¶ 19} In her second assignment of error, Appellant challenges the trial court's spousal support award. Appellant maintains the trial court determined the award based upon the relative earning abilities of the parties and such is not supported by the evidence.

{¶ 20} This Court reviews the trial court's decision relative to spousal support under an abuse of discretion standard. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶ 21} R.C. 3105.18(C)(1)(a) thru (n) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. These factors include:

**{¶ 22}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶ 23}** "(b) The relative earning abilities of the parties;

**{¶ 24}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶ 25}** "(d) The retirement benefits of the parties;

**{¶ 26}** "(e) The duration of the marriage;

**{¶ 27}** "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

**{¶ 28}** "(g) The standard of living of the parties established during the marriage;

**{¶ 29}** "(h) The relative extent of education of the parties;

**{¶ 30}** "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

**{¶ 31}** " * * *;

**{¶ 32}** "(l) The tax consequences, for each party, of an award of spousal support;

**{¶ 33}** " * * *;

**{¶ 34}** "(n) Any other factor that the court expressly finds to be relevant and equitable."

**{¶ 35}** In examining the magistrate's findings relative to spousal support as adopted by the trial court, we find no abuse of discretion in the order of spousal support. The magistrate considered the factors set forth in R.C. 3105.18 in determining the

amount of spousal support. The record reveals Appellant voluntarily quit a job in which she was making $12/hour. Appellant "replaced" that salary by cleaning houses at $15/hour. The trial court, nonetheless, computed Appellant's income for spousal support purposes using her most recent W-2 hourly rate of $12. The trial court used Appellee's most recent annual income of $32,448, for spousal support calculations. The trial court noted Appellee's income had declined as a result of the current housing market. The trial court ordered Appellee to pay Appellant $350/month as spousal support. The amount equalized the parties' incomes. We find no abuse of discretion.

{¶ 36} Appellant's second assignment of error is overruled.

III

{¶ 37} In her final assignment of error, Appellant asserts the trial court erred in finding she had committed financial misconduct. Specifically, Appellant submits the evidence presented at the final hearing did not support the trial court's determinations she had "dissipated assets of the parties", "concealed debt", "hid items that she bought on credit", and sold jewelry in violation of a restraining order. We disagree.

{¶ 38} Pursuant to R.C. 3105.171(E)(3), "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

{¶ 39} As the inclusion of the term "may" in R.C. 3105.171(E)(3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. *Leister v. Leister* (Oct. 23, 1998), Delaware App. No. 97CA-F-07027, unreported. Therefore, a trial court's decision on this

issue will not be reversed on appeal absent a showing of an abuse of discretion; i.e. a showing that the trial court's decision is arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶ 40} The evidence presented at the final hearing belies Appellant's assertions. Appellant answered affirmatively when asked if she sold jewelry in violation of the restraining order. Appellee was unaware Appellant had the credit card bills mailed to their daughter's address, and as a result, Appellee knew nothing of the debt which accumulated after 2002. Appellee could only recall two pieces of furniture Appellant had purchased as part of the $50,000 in debt she accumulated prior to 2002. Appellant claimed the debt arose out of her need to purchase household necessities, but subsequently acknowledged she also purchased items for her granddaughter and daughter.

{¶ 41} Based upon the foregoing and the entire record in this matter, we find the trial court did not abuse its discretion in finding Appellant had committed financial misconduct.

**{¶ 42}** Appellant's third assignment of error is overruled.

**{¶ 43}** The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FLORENCE KAUTZ                          :
                                        :
    Plaintiff-Appellant                 :
                                        :
v.                                      :           JUDGMENT ENTRY
                                        :
WILLIAM KAUTZ                           :
                                        :
    Defendant-Appellee                  :           Case No. 2011CA00034


For the reasons stated in our accompanying Opinion, the judgment entry entered

by the Stark County Court of Common Pleas, Family Court Division, is affirmed.  Costs

to Appellant.



                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN


                                        s/ John W. Wise_____
                                        HON. JOHN W. WISE


                                        s/ Patricia A. Delaney_____
                                        HON. PATRICIA A. DELANEY