[Cite as *Thacker v. Thacker*, 2020-Ohio-3319.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TRESE THACKER, | : | |
| Appellee, | : | CASE NO. CA2019-09-099 |
| | : | O P I N I O N |
| - vs - | | 6/15/2020 |
| | : | |
| WILLIAM R. THACKER, JR., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 17 DR 40003

Andrea Hicks, LLC, 224 Reading Road, Mason, Ohio 45040, for appellee

Engel and Martin, LLC, Jim L. Hardin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, William R. Thacker, Jr. ("Husband"), appeals from the divorce decree issued by the Warren County Court of Common Pleas, Domestic Relations Division, granting appellee, Trese Thacker ("Wife"), a divorce following a one-day final divorce hearing. For the reasons outlined below, we affirm.

{¶ 2} On October 6, 2017, Wife obtained a domestic violence civil protection order

("DVCPO") against Husband. The following month, on November 17, 2017, Wife filed a complaint for divorce against Husband. Husband was subsequently charged with violating the DVCPO in the Mason Municipal Court on June 7, 2018. Husband was thereafter arrested and released on bond. The matter was then bound over to the Warren County Grand Jury.

{¶ 3} On July 16, 2018, the Warren County Grand Jury returned an indictment charging Husband with violating the DVCPO, a fifth-degree felony due to Husband having previously been convicted of violating a protection order.[1] Two weeks later, on August 2, 2018, a not guilty plea was entered on Husband's behalf and Husband's bond was revoked. After his bond was revoked, Husband was transported to the Warren County Jail. While there, Husband was treated at Summit Behavioral Health to restore his competency to stand trial. Husband otherwise remained at the Warren County Jail at all times relevant herein.[2]

{¶ 4} On October 4, 2018, the domestic relations court held a status conference on the proceedings related to Wife's complaint for divorce. Following this status conference, the domestic relations court scheduled a final divorce hearing to be held before a domestic relations court magistrate on February 7, 2019.

{¶ 5} On December 20, 2018, Wife moved the domestic relations court to continue the final divorce hearing to a later date. Because Husband was at that time not represented by counsel, Wife included a certificate of service on her motion that certified the motion was "served upon William Thacker, C/o Warren County Jail, Lebanon, OH 45036 by ordinary mail on the 20th day of December, 2018." The domestic relations court granted Wife's

---

1. Husband was also indicted on one count of menacing by stalking. That charge was later nolled by the state.

2. The facts relevant to this appeal occur prior to when Husband was tried and convicted of violating the DVCPO. However, although occurring after the relevant facts of this appeal, we note that this court affirmed Husband's conviction for violating the DVCPO in *State v. Thacker*, 12th Dist. Warren No. CA2019-06-058, 2020-Ohio-1318.

motion later that day and rescheduled the final divorce hearing to take place on April 25, 2019.

{¶ 6} On April 25, 2019, Wife, along with her trial counsel, appeared at the final divorce hearing. Noting that Husband was still being held in the Warren County Jail awaiting trial for violating the DVCPO, the magistrate presiding over the hearing had the following exchange with Wife's trial counsel:

> [WIFE'S TRIAL COUNSEL]: * * * I think Mr. Thacker was originally notified of the continuance of the original hearing, and so, he's received notice that today was the day of the final hearing. So...
>
> THE COURT: He was notified, and I am confident that, yeah, service is perfected and I will address his non appearance in the written decision.

{¶ 7} On May 17, 2019, the magistrate issued a decision recommending Wife be granted a divorce from Husband on the grounds of incompatibility. As part of this decision, the magistrate found Husband was not present at the final divorce hearing because he was at that time "incarcerated in the Warren County Jail awaiting trial on a criminal matter," where "he had been since August 2, 2018." The magistrate also found "[Husband] was provided with the Motion and Order for Continuance filed December 20, 2018, setting the parties' Final Divorce Hearing on April 25, 2019." The magistrate further found that "[d]espite [Husband] having knowledge of the hearing date and time, [Husband] did not request to be conveyed from the jail to attend the hearing in person."

{¶ 8} On May 31, 2019, Husband, now represented by counsel, filed objections to the magistrate's decision. As part of these objections, Husband argued that he "did not even know" that the final divorce hearing had been rescheduled to April 25, 2019. Husband also argued that the domestic relations court should have transported him from the Warren County Jail so that he could attend the final divorce hearing in person. This is because,

according to Husband, "[he] rightfully assumed that [he] was being transported for the hearing in April and that the continuance of the February court date would also continue any orders for [his] appearance."

{¶ 9} On August 1, 2019, the domestic relations court overruled Husband's objections to the magistrate's decision. In so holding, the domestic relations court agreed with the magistrate's finding that "[Husband] was not present" at the final hearing on Wife's complaint for divorce due to him being incarcerated in the Warren County Jail awaiting trial for violating the DVCPO, but that he was nevertheless provided "with the Motion and Order for Continuance filed December 20, 2018, setting the parties' final divorce hearing on April 25, 2019." After "reviewing the pertinent case law, the transcript, and all other circumstances," the domestic relations court also found "[Husband] was made aware of the time and date of the final hearing. As such, [Husband] had time to request his desire to be transported for the hearing and did not do so."

{¶ 10} On September 5, 2019, the domestic relations court issued a final divorce decree. As part of this decree, the domestic relations court once again noted that Husband "had been notified" regarding the final divorce hearing that took place on April 25, 2019. The domestic relations court also reiterated the fact that Husband "did not request to be conveyed" from the Warren County Jail to attend the final divorce hearing on Wife's complaint for divorce. Husband now appeals from the domestic relations court's decision, raising the following single assignment of error for review.

{¶ 11} THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY PERMITTING A FINAL HEARING ON THE MERITS TO PROCEED IN THE ABSENCE OF AN UNREPRESENTED PARTY.

{¶ 12} In his single assignment of error, Husband argues the domestic relations court violated his due process rights when it conducted the final divorce hearing in his absence

since he was not provided with notice that the hearing on Wife's complaint had been rescheduled to April 25, 2019. We disagree.

{¶ 13} The domestic relations court found Husband had been "provided with the Motion and Order for Continuance filed December 20, 2018, setting the parties' final divorce hearing on April 25, 2019." The domestic relations court also found that after "reviewing the pertinent case law, the transcript, and all other circumstances," that "[Husband] was made aware of the time and date of the final hearing." Other than Husband's bare assertions to the contrary, there is nothing in the record to indicate the domestic relations court's decision was made in error. The record in fact fully supports the domestic relations court's finding. This includes Husband's affidavit in support of his objections to the magistrate's decision wherein Husband readily admits that he knew in "March 2019," "about three weeks prior" to when the final divorce hearing was scheduled to begin, that the hearing on Wife's complaint for divorce had been rescheduled to April 25, 2019. Therefore, because the domestic relations court did not err by finding Husband had notice that the final hearing on Wife's complaint for divorce had been rescheduled to April 25, 2019, Husband's argument claiming the domestic relations court violated his due process rights when it conducted that hearing in his absence lacks merit.

{¶ 14} Husband also argues the domestic relations court erred by failing to transport him from the Warren County Jail to attend the final hearing on Wife's complaint. We again disagree.

{¶ 15} Husband never requested he be transported from the Warren County Jail to attend the final divorce hearing. Rather, as Husband admits, he "assumed that [he] was being transported for the hearing in April and that the continuance of the February court date would also continue any orders for [his] appearance." Despite Husband's claims, such an assumption was the fault of Husband, not the domestic relations court.

- 5 -

{¶ 16} The fact that Husband was at that time appearing pro se does not change this outcome. "'[I]t is well-established that the law does not afford pro se litigants greater rights and they must accept the results of their own mistakes and errors.'" *Ditech Fin. LLC v. Ebbing*, 12th Dist. Butler No. CA2018-09-182, 2019-Ohio-2077, ¶ 17, citing *Milton v. Pierce*, 12th Dist. Clermont No. CA2016-03-013, 2017-Ohio-330, ¶ 23; *Countrywide Home Loans, Inc. v. Reece*, 12th Dist. Warren No. CA2010-08-078, 2011-Ohio-541, ¶ 12 ("although she is appearing pro se in this appeal [appellant] is nevertheless bound by the same rules and procedures as licensed attorneys"). It is equally "well-established that '[p]ro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with them.'" *Id.* at ¶ 18, citing *Bamba v. Derkson*, 12th Dist. Warren No. CA2006-10-125, 2007-Ohio-5192, ¶ 14.

{¶ 17} Regardless, even if Husband had requested the domestic relations court transport him from the Warren County Jail so that he could attend the final divorce hearing, it is well-established that "[a] prisoner does not have 'an absolute due process right to attend the trial of a civil action to which he is a party.'" *Miklas v. Miklas*, 7th Dist. Belmont No. 14 BE 46, 2015-Ohio-3829, ¶ 12, quoting *In re I.B.L.*, 4th Dist. Washington No. 14CA19, 2014-Ohio-4666, ¶ 13. This includes divorce proceedings. *See, e.g., Rachel v. Rachel*, 5th Dist. Stark No. 2012CA00243, 2013-Ohio-3692, ¶ 14 ("divorce is a civil proceeding and an incarcerated prisoner has no absolute due process right to attend a civil trial to which he is a party").

{¶ 18} The decision whether "to allow an incarcerated party to be present is within the sound discretion of the trial court." *Miklas*, citing *Trammell v. Powell*, 2d Dist. Montgomery No. 23832, 2011-Ohio-2978, ¶ 6. Given the facts of this case, we find no abuse of discretion here. This is because, just as the domestic relations court found, "[t]he probability of [Husband] being successful on whatever arguments he may have made at the

Final Hearing [were] low, based on [Husband's] prior actions in this case." Therefore, because the domestic relations court had no duty to sua sponte order Husband's transport, *see Gaietto v. Noveck*, 3d Dist. Seneca No. 13-07-17, 2008-Ohio-519, ¶ 9, even if Husband had made the necessary request, the domestic relations court did not err by failing to transport Husband from the Warren County Jail so that he could attend the final divorce hearing on Wife's complaint. Accordingly, finding no merit to any of the arguments advanced by Husband herein, Husband's single assignment of error is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.