[Cite as *Cullimore v. Cullimore*, 2022-Ohio-3208.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

CHRISTINE CULLIMORE,       :

:       Case No. 21CA7

     Plaintiff-Appellee,    :

   v.         :      <u>DECISION AND JUDGMENT</u>
:      <u>ENTRY</u>

ADAM CULLIMORE,       :

:

     Defendant-Appellant.   :

---

<u>APPEARANCES</u>:

Ryan Shepler, Saving & Shepler, Logan, Ohio, for Appellant.

Sierra L. Meek, Nolan & Meek Co., L.P.A., Nelsonville, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Adam Cullimore appeals the Judgment Entry, Decree of Divorce of the Hocking County Common Pleas Court, Domestic Relations Division, entered March 22, 2021, and the Judgment Entry Overruling Objections, entered June 14, 2021. On appeal, Mr. Cullimore, "Husband," asserts five assignments of error challenging the trial court's rulings in the divorce decree and during the posttrial proceedings. Having reviewed the record, we find Husband's arguments are without merit. Therefore, all assignments of error are hereby overruled and the judgment of the trial court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Husband and Christine Cullimore, "Wife," were married in December 2006. The parties had three children: L.C., born in 2006; A.C., born in 2009; and P.C., born in 2015. On September 15, 2020, Wife, through counsel, filed a Motion and Affidavit for Ex Parte Temporary Orders and Other Equitable Relief. Wife's affidavit averred that Husband had a significant drug problem and was violent. Wife and the children were protected parties pursuant to a Domestic Violence Civil Protection Order (DVCPO) filed June 15, 2020. Wife indicated Husband's violence was directed to her and the oldest child and that the younger children were intimidated by violence they had witnessed. Husband was currently being held in jail in Delaware County.

{¶3} Additionally, on September 15, 2020, Wife filed a Complaint for Divorce with Children. Wife alleged that Husband had been guilty of gross neglect and extreme cruelty and that the parties were incompatible. Wife requested that the court equitably distribute the separate and marital property and debts of the parties. Wife requested that she be designated the residential and legal custodian of the minor children. She further requested that Husband be prohibited from parenting time with the children. Wife requested statutory child support.

{¶4} At the time of the divorce filing, service of process for Husband was requested at the Delaware County Jail. The Hocking County domestic court magistrate granted ex parte temporary orders, designated Wife as the residential

parent and legal custodian and denied Husband visitation privileges. The magistrate also made additional temporary orders relating to the parties' joint and separate real and personal property and debts.

{¶5} The magistrate conducted a pretrial on October 14, 2020. Reflected in the Magistrate's Order dated October 15, 2020, shortly before the pretrial began, Husband sent the court and Wife's attorney a handwritten motion for extension of time, along with an accompanying letter. Husband indicated in the letter that he was incarcerated. Husband also sent the court a Financial Disclosure Form typically used by indigent parties to seek counsel in criminal cases. The magistrate interpreted receipt of the form as a request for court-appointed counsel. The magistrate denied the request to continue the pretrial hearing. The magistrate also denied the motion for court-appointed counsel.

{¶6} On November 20, 2020, the magistrate conducted a temporary order hearing. The magistrate found that Husband had been duly served. Wife testified that the mortgage payments on the marital home were approximately four months behind. Because her name was not on the mortgage of the marital home, the lender would not speak to her regarding the issue. Wife also testified that she wanted to sell some of the parties' property, mainly motor vehicles, in order to get money to pay towards the mortgage. Based on wife's sworn testimony the magistrate ordered that PennyMac Loan Services LLC be added as a third-party defendant;

that the third-party defendant was authorized and ordered to communicate with Wife regarding the parties' loan/mortgage options on the marital home; that Husband was ordered to complete and return a release and a power of attorney; that Wife was authorized to sell at her discretion a pontoon boat, an Angler boat, Ford Bronco, golf cart, and CanAm; and that Wife keep an itemized accounting of these transactions. The magistrate ordered Husband be served with the temporary orders both at the Licking County Jail and when Husband appeared for arraignment in Hocking County later in December.

{¶7} The magistrate conducted a status conference on December 14, 2020. At the conclusion, the magistrate reiterated the previous orders and directed that Husband be served at the Southeastern Ohio Regional Jail. The docket indicates additional pretrials were conducted on January 8, 2021 and March 5, 2021. However, on February 26, 2021, Husband filed a Motion to Contest Divorce, a Motion to Be Present, and a Motion to Appoint Counsel. On March 1, 2021, the trial court denied the motions. While the trial court denied Husband's request to transport him from the jail, he ordered that Husband could make arrangements to be present at the final divorce hearing on March 22, 2021 via Zoom.

{¶8} At the final divorce hearing Wife and her mother provided sworn testimony. Wife again testified that she wanted to sell the motor vehicles for the purpose of paying past due debt. She testified that American Tar N Chip,

LLC[1] was her husband's business and she waived her right to the vehicles associated with the company. At the conclusion of the hearing the trial court ordered:

1. That Wife be granted a divorce;

2. That Wife was designated as residential parent and legal custodian of the minor children;

3. That Husband, in accordance with child support guidelines in R.C. 3119.021, must pay $800.00 per month for the parties' minor children;

4. That title and interest in the marital residence was vested in Wife for the purposes of selling the residence for the best price obtainable and any proceeds from sale were to be applied to costs associated with the property, and that if any profit remained, the parties would share the proceeds equally, with Husband solely responsible for any deficiencies remaining after the sale of the property;

5. That Husband was divested of title in several motor vehicles and title conveyed to Wife;

6. That Husband was entitled to his coin books, his personal belongings, a pull-behind trailer, and all equipment specifically used for American Tar N Chip, LLC, and that he remained the sole owner of American Tar N Chip, LLC.

{¶9} After the trial court entered the Judgment Entry Decree of Divorce, Husband filed a Motion for New Trial and a Motion to Vacate Judgment. Both motions contested the trial court's decisions as to equitable division of property and child support in light of his inability to participate in the divorce proceedings due to his incarceration.

---

[1]The business performed seal and coating of driveways.

{¶10} The trial court denied both motions.  On May 17, 2021, Husband filed Objections to the Magistrate's decision denying both motions.  Husband's objections were set forth as follows:

1. The Magistrate erred by denying the Defendant's Motion to Vacate Judgment without oral hearing.

2. The Magistrate erred by denying the Defendant's Motion for a New Trial.

{¶11} Husband filed an accompanying brief in support of his objections. Essentially, Husband argued that his incarceration at the time of the divorce hearing prevented him from introducing evidence on his own behalf and resulted in an inappropriate division of property and an inappropriate allocation of parental rights.

{¶12} On June 14, 2021, the trial court filed its Judgment Entry on Objections overruling Husband's objections.  This timely appeal followed.

ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT ERRED BY FAILING TO PLACE VALUATIONS UPON AND FAILING TO EQUITABLY DIVIDE THE MARITAL PROPERTY.

II.    THE TRIAL COURT ERRED BY IMPUTING INCOME TO MR. CULLIMORE BASED ON HIS PREVIOUS GROSS BUSINESS INCOME WITHOUT ACCOUNTING FOR APPROPRIATE DEDUCTIONS, AND WITHOUT HEARING APPROPRIATE EVIDENCE AS REQUIRED BY ROCK V. CABRAL.

III.    THE TRIAL COURT ERRED BY REFUSING TO PERMIT MR. CULLIMORE TO MEANINGFULLY PARTICIPATE IN THE DIVORCE PROCEEDINGS.

IV.    THE TRIAL COURT ERRED BY DENYING MR. CULLIMORE'S MOTION TO VACATE JUDGMENT WITHOUT SCHEDULING AN ORAL HEARING.

V.    THE TRIAL COURT ERRED BY DENYING MR. CULLIMORE'S MOTION FOR A NEW TRIAL.

## A. ASSIGNMENT OF ERROR THREE

We begin with Husband's third assignment of error.

### 1.    Standard of Review

{¶14} " ' "As an incarcerated prisoner, [appellants have] no absolute due process right to attend a civil trial to which he [or she] is a party." ' " *Sinkovitz v. Sinkovitz,* 2016-Ohio-2861, 64 N.E.3d 382 (4th Dist.) at ¶ 22, quoting *Pryor v. Pryor,* 4th Dist. Ross No. 09CA3096, 2009-Ohio-6670, at ¶ 29, quoting *Lopshire v. Lopshire*, 11th Dist. Portage No. 2008-P-0034, 2008-Ohio-5946, at ¶ 35.

{¶15} " 'There is no support in the Constitution or in judicial precedent for the proposition that a prisoner has an absolute due process right to attend the trial of a civil action to which he is a party.' " *Rowe v. Stillpass,* 4th Dist. Lawrence No. 06CA1, 2006-Ohio-3789, at ¶ 21, quoting *Matter of Vandale,* 4th Dist. Washington No. 92CA31, 1993 WL 235599, *2 (June 30, 1993).  This includes divorce proceedings.  *See Thacker v. Thacker,* 12th Dist. Warren No. CA2019-09-099, 2020-Ohio-3319, at ¶ 17, *see also Rachel v. Rachel,* 5th Dist. Stark No.

2012CA00243, 2013-Ohio-3692, ¶ 14.  "The decision whether 'to allow an incarcerated party to be present is within the sound discretion of the trial court.' " *Thacker, supra,* at ¶ 18, quoting *Miklas v. Miklas,* 7th Dist. Belmont No. 14BE46, 2015-Ohio-3829m at ¶ 12, citing *Trammell v. Powell,* 2d Dist. Montgomery No. 23832, 2011-Ohio-2978, ¶ 6.  Similarly, " ' "A ruling on the request of an incarcerated criminal to prosecute a pro se civil action by requiring penal authorities to transport him to a preliminary hearing or trial rests within the sound discretion of the trial court." ' " *Pryor, supra, at* ¶ 29, quoting *Abuhilwa v. Board*, 4th Dist. Pickaway No. 08CA3, 2008-Ohio-5326, at ¶ 7, quoting *Mancino v. Lakewood,* 36 Ohio App. 3d, 219 at 221, 523 N.E.2d 332 (8th Dist.).

{¶16} Under the abuse of discretion standard of review, a reviewing court must affirm the decision of the trial court unless it is unreasonable, arbitrary, or unconscionable.  *See Breedlove v. Breedlove,* 4th Dist. Washington No. 08CA10, 2008-Ohio-4887, ¶ 9, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 140 (1983).  " '[A]buse of discretion' [is] * * * a view or action that no conscientious judge could honestly have taken.' "  *State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.  "Indeed, to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of

judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *White v. White,* 4th Dist. Gallia No. 03CA11, 2003-Ohio-6316, ¶ 25, citing *Nakoff v. Fairview Gen. Hosp.,* 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996). Under this highly deferential standard of review, appellate courts may not freely substitute their judgment for that of the trial court. *See In re Jane Doe I,* 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).[2]

Legal Analysis

{¶17} Husband argues the trial court refused to permit him to meaningfully participate in the divorce proceedings and requests that the judgment be reversed. While conceding that as an incarcerated person he did not have an automatic right to participate, Husband contends that he obviously wished to participate in the proceedings by filing motions asking for leave to participate, hiring counsel immediately upon his release, and pointing out that the jail did not allow him to participate by Zoom. Husband averred as follows in his affidavit attached to his Civil Rule 60(B) motion for relief from judgment:

4. On or about September 15, 2020, plaintiff filed an action for divorce against me in 20DR-129.

5. Throughout the course of case 20DR0129, the Court attempted to serve me with a number of orders while I was incarcerated.

---

[2]The abuse of discretion standard of review will be revisited throughout this opinion and we need not set it forth in further detail.

6. Throughout October, I was in the Delaware County Jail. On or about October 15, 2020, the Court ordered that I sign a release to permit Ms. Cullimore to speak to our bank regarding the marital loan. I never received this order while incarcerated.

7. On or about November 2, 2020, I was transported from the Delaware County Jail to the Licking County Jail to resolve charges in Licking County.

8. On November 20, 2020, the Court again issued temporary orders, and directed me to be served personally, and by certified and regular mail. I never received these orders while incarcerated.

9. On December 22, 2020, the Court again issued temporary orders, and directed that I be served personally. I never received these orders while incarcerated.

10. On the first day of March 2021, the Court issued a judgment entry denying various motions that I had filed and inviting me to participate in the final hearing by Zoom. I never received these orders while incarcerated.

11. The only court paperwork that I received while incarcerated, other than the initial divorce documents, were several blue court notices.

{¶18} Obviously, Husband did not participate at all in the final divorce hearing but based upon our review of the pleadings and the Hocking County Court of Common Pleas online docket, we conclude that Husband's non-participation and non-representation was his own choice. Husband was apparently financially able to hire an attorney for his criminal cases but chose not to hire a divorce attorney to assist by filing the documents requested by the court, making the Zoom

accommodation, and/or filing a motion to continue the final divorce hearing.[3]  For whatever reason, Husband chose to represent himself in the divorce.

{¶19} We are cognizant of the long-standing preference in Ohio courts to afford reasonable leeway to pro se parties.  *See Goodman v. Goodman,* 4th Dist. Ross No. 21CA3740, 2021-Ohio-3169, at ¶ 11; s*ee generally, State ex rel. Simpson v. Hamilton County Court of Common Pleas* (May 17, 1995), Hamilton App. No. C-940505[,] [1995 WL 298184].  " 'Nevertheless, pro se litigants are 'presumed to have knowledge of the law and of correct legal procedure and [are to be] held to the same standard as all other litigants.' "  *Goodman, supra,* at ¶ 11, quoting *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363, 676 N.E.2d 171, 174 (8th Dist. 1996); *see generally, State v. Wayt* (Mar. 20, 1991), Tuscarawas  No. 90AP070045 ("While insuring that pro se [litigants] are afforded the same protections and rights prescribed in the * * * rules, we likewise hold them to the obligations contained therein").  *Erie Ins. Co. v. Bell,* 4th Dist. Lawrence No. 01CA12, 2002-Ohio-6139, at ¶ 28.  Proceeding in the divorce matter pro se, Husband made decisions which did not further his own interests.

---

[3]We are permitted to take judicial notice of the Hocking County Court of  Common Pleas online docket at https://hocking.oh.gov/clerk, accessed June 7, 2022, which reflects Husband's indictment on two counts, domestic violence and criminal damaging, in the  Hocking County Common Pleas Court.  *See Doczi v. Blake,* 2021-Ohio-3433, 178 N.E.3d 16, at fn. 3 (4th Dist.).  Husband was indicted in Hocking County on August 7, 2020.  Wife filed the Complaint for Divorce in Hocking County on September 15, 2020.  On December 7, 2020, Attorney Terry Sherman filed a notice of appearance on behalf of Husband in the criminal matter.  The docket reflects Attorney Sherman continued to represent Husband when Husband entered a plea on May 12, 2021, well after the March 22, 2021 final divorce hearing.

{¶20} Husband's affidavit avers that he did not receive the various orders of the magistrate and the court, only court notices. However, the Magistrate's Order of October 15, 2020 indicates that Husband sent the court office and opposing counsel a handwritten motion for extension of time and a request for court-appointed counsel. The docket also reflects that Husband filed handwritten pleadings on February 26, 2021, which included a Motion to Contest Divorce; Motion to be Present; and Motion to Appoint Counsel. Filing these motions indicates Husband's full awareness of the proceedings and undermines the credibility of his affidavit indicating that he did not receive the court's orders and inferring that due to a lack of knowledge of the proceedings or the court's orders, he did not file appropriate responsive pleadings or documents.

{¶21} While the trial court denied Husband's motions and ordered that the final divorce hearing would proceed on March 22, 2021, the trial court did attempt to accommodate Husband's request to be present. The trial court stated that if Husband could make arrangements with the jail to appear by Zoom or other videoconferencing, the court would permit Husband to participate in the final divorce hearing. Husband's credibility is further damaged by his averment in Paragraph 18 of his affidavit that "the jail would not cooperate by allowing me to participate by Zoom," while simultaneously asserting that he did not receive the order allowing him to attend the final divorce hearing by Zoom. Which scenario is

correct? Husband has only himself to blame for his absence at the final divorce hearing.[4]

{¶22} Based on the foregoing, we find no merit to Husband's argument herein. We find the trial court did not abuse its discretion with regard to its rulings on Husband's motion to be physically present at the final divorce hearing. Husband chose to proceed pro se throughout the proceedings and his actions (or inactions) were to his detriment. Even so, the trial court attempted to accommodate Husband's request to attend the final divorce hearing. Any lack of meaningful participation throughout the proceedings is Husband's fault. Accordingly, the third assignment of error is hereby overruled.

## B. ASSIGNMENTS OF ERROR ONE AND TWO

### 1. Standard of Review

{¶23} "Appellate courts generally review 'the propriety of a trial court's determination in a domestic relations case' under the 'abuse of discretion' standard." *Wilburn v. Ferguson,* 4th Dist. Lawrence No. 21CA4, 2021-Ohio-4256, at ¶ 18, quoting *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989) (abuse of discretion standard applies to child support, custody, visitation, spousal support, and division of marital property). Because Husband's arguments

---

[4]Notably, Husband did not attach to his affidavit supporting documents which he could have presented as evidence at the final divorce hearing of his income, ownership of his own separate personal property, or his entitlement to shared parenting.

contained in the first and second assignments of error are related and are governed

by the abuse of discretion standard of review, we consider them jointly.

2. Legal Analysis

{¶24} Under the first assignment of error, Husband argues that the trial court

erred by failing to divide the property equitably.  Pursuant to R.C. 3105.171(F), a

trial court shall consider the following factors in order to ensure an equitable

division of the parties' marital property:

> (1) The duration of the marriage;
>
> (2) The assets and liabilities of the spouses;
>
> (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
>
> (4) The liquidity of the property to be distributed;
>
> (5) The economic desirability of retaining intact an asset or an interest in an asset;
>
> (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
>
> (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
>
> (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
>
> (9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;

(10) Any other factor that the court expressly finds to be relevant and equitable.

{¶25} We also recognize that although trial courts possess broad discretion to divide marital property, the Ohio Revised Code requires trial courts to divide marital and separate property equitably between the parties. R.C. 3105.171(B); *see Jenkins, supra,* at ¶ 33. In most cases, this requires the court to divide the marital property equally. R.C. 3105.171(C)(1). If, however, an equal division would produce an inequitable result, the court must divide the property equitably. *Jenkins, supra,* at ¶ 34.

{¶26} Furthermore, when an appellate court reviews a trial court's property division, the appellate court must not consider any items in isolation, but rather, must consider the property division as a whole. *See Jenkins v. Jenkins,* 4th Dist. Highland No. 19CA19, 2021-Ohio-153 at ¶ 35; *Briganti v. Briganti,* 9 Ohio St.3d at 222, 459 N.E.2d 896 (1984); *accord Sinkovitz v. Sinkovitz,* 4th Dist. Hocking No. 15CA18, 2016-Ohio-2861, ¶ 35. "The appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which, viewed in its entirety, was an abuse of discretion." *Briganti,* 9 Ohio St.3d at 222.

{¶27} Under the first assignment of error, Husband contends that (1) the trial court failed to determine the value of the marital home and whether the marital home is separate or marital property; (2) the trial court did not make other designations as to separate or marital property; (3) did not determine the value of

the various motor vehicles the parties owned; (4) did not address "past due debt;"

and (5) did not place values on various items of untitled personal property or

American Tar N Chip, LLC.  We find no merit to these contentions.  In a divorce

case, as in any other case, it is the responsibility of the parties to put forth the

evidence they believe is relevant and necessary for a just decision.  Each party tries

his own case, and the court reaches a decision based on the evidence that the

parties have presented.  *See Walls v. Walls,* 4th Dist. Highland No. 94CA849, 1995

WL 34788, at *5.

{¶28} Furthermore, in *Roberts v. Roberts,* 10th Dist. Franklin No. 08AP-27,

2008-Ohio-6121, the Tenth District Court of Appeals held:

> [I]f a party fails to present sufficient evidence of valuation, that
> party has presumptively waived the right to appeal the
> distribution of those assets because the trial court can only make
> decisions based on the evidence presented[.]"  *Id*. at ¶ 22, citing
> *Hruby v. Hruby* (June 11, 1997), Columbiana App. No. 93-C-9.
> "[W]hen a party fails to present evidence as to the value of an
> item, it is akin to invited error and the party has waived the right
> to appeal in regard to that asset.

{¶29} *Roberts, supra* at ¶ 22.  *See also Kautz v. Kautz,* 5th Dist. Stark

No. 2011CA34, 2011-Ohio-6547, at ¶¶ 15-16.  Because Husband did not file

an affidavit delineating the items he now contests as items of separate or

marital property and place his own valuations on the items, or present other

evidence of value, he has waived his right to contest the trial court's

distribution of the marital home, the vehicles, and various items of untitled

personal property.  Based on the foregoing, we find no need to consider

Husband's first assignment of error.  Accordingly, it is hereby overruled.

{¶30} Under the second assignment of error, Husband challenges the court's

determination as to child support.  He asserts that Wife did not produce

documentation of income and argues that the trial court erred by arbitrarily

imputing income to him without consideration of relevant factors set forth in *Rock*

*V. Cabral*, 67 Ohio St. 3d 108, 110-111, 616 N.E.2d 218 (1993).[5]  Husband asks

this court to remand the matter for an appropriate determination of his child

support obligation.  The application of the "abuse of discretion" standard in

custody and support cases is also warranted because trial courts have wide latitude

in considering the evidence and assessing the parties' demeanor, attitude, and

credibility.  *See Massie v. Simmons,* 4th Dist. Scioto No. 14CA3630, 2014-Ohio-

5835, ¶ 18, citing *Davis v. Flickinger,* 77 Ohio St.3d 415, 418-419, 674 N.E.2d

1159 (1997).

{¶31} R.C. 3119.022 governs the procedure for awarding and calculating

child support. The statute's overriding concern is to ensure the best interest of the

child for whom support is being awarded.  *See Cummin v. Cummin,* 2015-Ohio-

5482, 55 N.E. 3d 467, (4th Dist.), at 1;  *Rock v. Cabral,* 67 Ohio St. 3d 108, 110.

---

[5]In the Supreme Court's decision in *Rock v. Cabral,* 67 Ohio St. 3d, 108, 111, the court set forth these factors: employment potential and probable earnings based on recent work history; job qualifications; prevailing job opportunities; and salary levels in the community.

Thus, the statute's provisions are mandatory in nature and courts must follow the statute literally and technically in all material aspects. *Marker v. Grimm,* 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus (1992); *see also Albright v. Albright,* 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, at ¶ 7. If a trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. *See Rock* at 110, 616 N.E.2d 218; *Albright; see also* R.C. 3119.03.

{¶32} " 'In calculating child support, a trial court must determine the annual income of each of parent.' " *Cummin, supra,* at ¶19, quoting *McLaughlin v. Kessler,* 12th Dist. Fayette No. CA2011-09-021, 2012-Ohio-3317, at ¶ 13. For an unemployed or underemployed parent, income is the "sum of the gross income of the parent and any potential income of the parent." *Id.*; R.C. 3119.01(C)(5)(b). Husband concedes that he was voluntarily underemployed throughout the divorce proceedings.

{¶33} Ohio courts have held that if a parent is evasive or avoidant in providing income verification, a court may use the financial data that is available to determine the parent's gross income, even if the parent is not voluntarily unemployed or underemployed. *See Massey v. Lambert,* 7th Dist. Columbiana No. 09CO29, 2011-Ohio-1341; *Cole v. Cole,* 5th Dist. No.2006-CA-00190, 2007-Ohio-54; and *Bach v. Bach* (Sept. 10, 1999), 2d Dist. No. 17497. In *Cole*, the Fifth

District concluded that since the father "testified evasively" and "attended trial with little or no information regarding his finances," the trial court properly relied on the past income information to determine his support obligations. *Id*. at ¶ 22-23. In *Bach,* the Second District held that the trial court did not abuse its discretion by estimating the father's income based on other information in the record where the father was evasive, forgetful, kept poor business records and the trial court was therefore skeptical about his credibility. *Bach v. Bach,* 2d Dist. Montgomery No. 17497, 199 WL919935, (September 10, 1999). Massey was also evasive regarding his income and failed to provide verification of his income as ordered by the court. The appellate court, affirming, concluded that the trial court was reasonable in calculating Massey's gross income using the limited information before it. *Id*. at ¶ 61.

{¶34} At the final divorce hearing, Wife testified to the best of her knowledge Husband was the sole owner of American Tar N Chip, LLC, and her "guestimate" for the 2019 tax year was $60,000.00. She also testified she waived her right to two vehicles/equipment associated with American Tar N Chip, LLC. The information Wife testified to regarding American Tar N Chip, LLC, was also set forth in Wife's Affidavit attached to her motion for temporary orders filed the same day as the complaint for divorce. At no time during the proceedings did husband choose to provide verification of income regarding American Tar N Chip,

LLC. The lack of information in the record is his fault. As in *Massey,* we find the trial court relied on limited information before it and did not abuse its discretion.

{¶35} We find no merit to the second assignment of error. Accordingly, it is hereby overruled.

## C. ASSIGNMENT OF ERROR FOUR

### 1. Standard of Review

{¶36} Civil Rule 60(B) provides in pertinent part that, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceedings for the following reasons:  (mistake, inadvertence, surprise, or excusable neglect… or (5) any other reason justifying relief from judgment."  " 'The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion.' "  *Byers v. Dearth,* 4th Dist. Ross No. 09CA3117, 2010-Ohio-1988, at ¶ 8, quoting *Sain v. Roo,* 10th Dist. Franklin No. 02AP-448, 2003-Ohio-626, at ¶ 11, citing *Oberkonz v. Gosha,* 10th Dist. Franklin No. 02AP-237, 2002-Ohio-5572, at ¶ 12.  Furthermore, a trial court possesses discretion when determining whether to hold a hearing regarding a Civ.R. 60(B) motion.  *See Detty v. Yates,* 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, at ¶ 20; *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996).  Thus, an appellate

court will not reverse a trial court's decision regarding a Civ.R. 60(B) evidentiary hearing absent an abuse of discretion. *Id.*

2. Legal Analysis

{¶37} Husband asserts that the trial court erred by denying his motion to vacate judgment pursuant to Civ. Rule 60(B) without first conducting an oral hearing. He characterizes facts "sufficient to justify relief" as: his continuous incarceration during the pendency of the case; that he received only court notices but was not served with the pleadings; and that his request to arrange a Zoom appearance at the final hearing was ignored by the jail staff. Husband contends that just because he was incarcerated does not also mean he was not entitled to a fair division of property. Husband apparently characterizes his incarceration and inability to attend the court hearings as constituting "excusable neglect" or some "other reason justifying relief." For the reasons which follow, we disagree.

{¶38} A party moving for relief from judgment under Civ.R. 60(B) bears the burden to show that he or she is entitled to a hearing on the motion. *See Matter of L.S.* 4th Dist. Ross No. 20CA3719, 2020-Ohio- 5516, at 4; *PHH Mtge. Corp. v. Northrup,* 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 28. *Struckman v. Bd. of Edn. of Teays Valley Local School Dist.,* 2019-Ohio-115, 128 N.E.3d 709, ¶ 20 (4th Dist.). If the motion " 'contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing

to take evidence and verify these facts before it rules on the motion.' " *Coulson v.*

*Coulson,* 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v.*

*Baltimore,* 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).  In

*Struckman,* we explained:

> To be entitled to a hearing, a movant must present operative
> facts to show all three of the following circumstances:  (1) the
> party has a meritorious defense or claim to present if relief is
> granted; (2) the party is entitled to relief under one of the
> grounds stated in Civ.R.  60(B)(1) through (5); and (3) the
> motion is made within a reasonable time, and, where the
> grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than
> one year after the judgment, order or proceeding was entered
> or taken.

*Id.,* at ¶ 21, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio

St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.  Husband's

motion fulfilled the requirement that it be filed within one year.

{¶39} Wife responds that Husband did not demonstrate entitlement to a

hearing on his Civ.R. 60(B) motion simply due to his incarceration.  While

Husband alleges that he did not receive pleadings while he was incarcerated, Wife

again argues that these allegations are not credible.  As set forth in detail above,

Husband averred that "[t]he only court paperwork that I received while

incarcerated, other than the initial divorce documents, were several blue court

notices."  We agree, as discussed above, that Husband's affidavit is lacking in

credibility.

{¶40} Even if we did find his affidavit credible, Husband has not satisfied the additional requirements for relief from judgment.  Husband has not shown excusable neglect or any other reason justifying relief.  In *Cincinnati Ins. Co. v. Schaub,* 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, Schaub was convicted of arson.  While incarcerated, a civil lawsuit was filed alleging that Schaub had negligently or recklessly set a fire to a residence.  Eventually, judgment against Schaub was granted.  Schaub filed a motion for relief from judgment under Civ.R. 60(B)(1).  The appellate court noted that the only evidence submitted in support of Schaub's motion for relief from judgment was his own affidavit in which he stated that he was imprisoned, that he did not have a guardian ad litem appointed to aid in his defense, and that he was not aware during the lawsuit of a possibility of being provided an attorney from any source, including his insurance company.  The *Schaub* court observed that " 'inexperience with legal matters' " is not excusable neglect.  *Id., supra* at ¶ 41, quoting *Boling v. DiMeche & Vlado, Inc.,* 10th Dist. Franklin No. 07AP-146, 2007-Ohio–5795, at ¶ 15 (citations omitted).

{¶41} Husband also did not present a meritorious defense or claim.  "A meritorious defense is one which, if proved, would entitle a party to the relief requested." *Williamson v. Saranda Consol. Ltd. Partnership* (Dec. 14, 1989), Montgomery App. No. 11507, 1989 WL 150791, *4.  Despite this requirement, while Husband claimed in his handwritten Motion to Contest Divorce that he had

legitimate disputes regarding allocation of property rights and custody issues, Husband did not set forth his claim in his affidavit in support of the Civ.R. 60(B) motion. He did not aver that he had a meritorious defense to present if the divorce decree were set aside. A meritorious defense to the allegations contained in Wife's complaint would have required Husband to support his responses with documentation. Husband relied solely upon his incarceration and this is not a defense.

> "The allegation of operative facts required in order to prevail upon a motion for relief from judgment pursuant to Civ. R. 60(B) must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment."

*Schaub, supra,* at ¶ 48, quoting *East Ohio Gas Co. v. Walker* (1978), 59 Ohio App.2d 216, 394 N.E.2d 348. *See also Gill v. Grafton Correctional Institution,* Franklin App. No. 04AP-1353, 2005-Ohio-3097, at ¶ 11 (rejecting relief from judgment due to lack of appropriate evidence).

{¶42} Husband's affidavit contains no facts about a potential defense and did not satisfy the requirement of establishing that he had a meritorious defense to the divorce action. Because the motion failed to satisfy all three requirements for setting a judgment aside under Civ. R. 60(B), the trial court did not abuse its

discretion in overruling the motion for relief from judgment.  Husband's fourth

assignment of error is hereby overruled.

### D.  ASSIGNMENT OF ERROR FIVE

1.   Standard of Review

{¶43} Relevant herein, Crim.R. 59(A), Grounds for New Trial, provides

that:

> A new trial may be granted to all or any of the parties and on
> all or part of the issues upon any of the following grounds:
> (1) Irregularity in the proceedings of the court, jury,
> magistrate, or prevailing party, or any order of the court or
> magistrate, or abuse of discretion, by which an aggrieved
> party was prevented from having a fair trial; * * * (8) Newly
> discovered evidence, material for the party applying, which
> with reasonable diligence he could not have discovered and
> produced at trial * * *.

{¶44} Orders denying or granting motions for new trial under Civ.R.

59(A)(1) are reviewed under abuse of discretion standard.  *See Simon v. Aulino*,

2020-Ohio-6962, 165 N.E.3d 706 (4th Dist.), at ¶ 85;  *Lewis v. Nease*, 4th Dist.

Scioto No. 05CA3025, 2006-Ohio-4362, at ¶ 73.  " 'A trial court's decision

denying a new trial pursuant to Civ.R. 59(A)(8) will not be disturbed, absent an

abuse of discretion.' "  *Lawless v. Board of Education of Lawrence County*

*Educational Service Center,* 2020-Ohio-117, 141 N.E.3d 267 (4th Dist.), at ¶ 68,

quoting *Gregory v. Kottman-Gregory,* 12th Dist. Madison Nos. CA2004-11-039,

2005-Ohio-6558, at ¶ 25.

2. Legal Analysis

{¶45} Husband asserts the trial court erred by denying his motion for new trial pursuant to Civ.R. 59(A). Husband argues that the identical grounds as set forth above, i.e. the alleged improper property division, miscalculation of child support, and his inability to participate meaningfully in the proceedings all justify a reversal of the judgment and the grant of a new trial. Wife responds to this assignment of error by arguing that Husband's incarceration, refusal to fully participate, and claims of failed service are not "irregularities" in the proceeding as required by the rule. Furthermore, Wife points out that Husband has not presented any newly discovered evidence warranting a new trial. For the reasons which follow, we agree with Wife.

{¶46} "An 'irregularity' that would justify a new trial under Civ.R. 59(A)(1) must be 'a departure from the due, orderly and established mode of proceeding therein, where a party, with no fault on [her] part, has been deprived of some right or benefit otherwise available to [her].' " *Simon v. Simon*, 9th Dist. Summit No. 26767, 2014-Ohio-1390, at ¶ 22 (Where Mother did not provide the court with doctor's "orders" that she could not attend trial, the appellate court found Mother did not demonstrate an "irregularity" in the proceeding and consequently, no abuse of discretion by denying Mother's motion for new trial), quoting *Meyer v. Srivastava*, 141 Ohio App.3d 662, 667 (2d Dist.2001). For purposes of Civ.R.

59(A)(8), the phrase "newly discovered evidence" "refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." (Emphasis added.) *Lawless v. Bd. of Educ. Serv. Ctr.,* 2020-Ohio-117, 141 NE 3d 267, at ¶ 69 (4th).

{¶47} Here, we find Husband's incarceration was entirely his own fault. Furthermore, Husband's failure to present evidence at the final divorce hearing, though aware of the divorce complaint and the court notices, according to him, was also his own fault. Husband's incarceration does not constitute an irregularity. And Husband's affidavit did not claim newly discovered evidence. Based on the foregoing, we find no merit to Appellant's arguments contained within the final assignment of error. Accordingly, it is hereby overruled. The judgment of the trial court is affirmed.

{¶48} Having found no merit to any of Appellant's assignments of error, the judgment of the trial court is hereby affirmed.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**